Manly, J.
 

 Without deciding, at present, the other question of evidence appearing -upon the record, there is one which was erroneously ruled below, and upon which plaintiff is entitled to a
 
 venire de novo.
 

 It was proposed on the part of the plaintiff to prove that
 
 it was the d'uty of draymen, in Wilmington, to carry l>aggage.
 
 It is not stated how it was to be proved, but supposing it to be by competent testimony, it was certainly pertinent and proper.
 

 The case states as a fact, that defendant had three drays in the town, two licensed and one unlicensed, and there was evidence tending to show that plaintiff’s baggage had been lost from some dray of defendant. It was the point, therefore, in the cause, whether drays, licensed or unlicensed, in Wilmingting, are accustomed to carry baggage, or hold themselves out as common carriers of the same. If accustomed to carry, it was their duty, and if their duty, they are common carriers, and subject to the responsibility of that class of public servants.
 

 By the term baggage, used in the case, we understand the ordinary outfit of a trunk or bag or both, of a traveller, as distinguished from sacks, bales, casks and boxes of produce and merchandise, appertaining to the trade of the town. It is possible that draymen may be used as common carriers in one of these departments of service only, or in both. These are proper subjects for proof.
 

 Our attention has been directed to the statement that two of the defendant’s drays were
 
 licensed.
 
 We are not informed what is the purport of the license spoken of, and are unable, therefore, to see the full significance of the statement. If the license be to carry for the public, on the streets of Wilming
 
 *272
 
 ton, it would seem to present, then, a question whether th.eir range of duties was. restricted or unrestricted, as already suggested.
 

 With respect to the other question of evidence, as to the-competency of plaintiff to prove the contents of his trunk, we prefer not to decide it,'except it come necessarily into judgment. It is a new and important application of a principle, viz, of evidence from a party, made proper,
 
 ex necessitate,
 
 and ought to be engrafted upon the jurisprudence of the State, if at all, by the courts
 
 after fall
 
 consideration..
 

 Per Curiam,
 

 Judgment reversed, and a
 
 venire de novo..